UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| XAVIER L. McCOY, | Civil Action No.: 4:11-cv-1683-JFA-TER |
| Plaintiff, | |
| -vs- | |
| | **REPORT AND RECOMMENDATION** |
| MRS. ALLYSON GLIDEWELL, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff, who is proceeding pro se, is an inmate in the custody of the South Carolina Department of Corrections (SCDC), and is housed at the Lieber Correctional Institution (LCI). Although Plaintiff labels his case as one for violations of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, et seq., the body of his Complaint reveals that he is actually alleging that Defendant violated his due process rights during a disciplinary hearing, which resulted in the loss of ninety days of good-time credits. He cites 42 U.S.C. § 1983 throughout the body of his Complaint.

Presently before the Court are Plaintiff's Motion for Access to Law Library (Document # 83), Plaintiff's Motion for Injunctive Relief (Document # 85), Plaintiff's Motion to Amend Pleading (Document # 96), Defendant's Motion for Summary Judgment (Document # 109), Plaintiff's Motion for Summary Judgment (Document # 133), and Plaintiff's Motion for Preliminary Injunction (Document # 135). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because these motions are potentially dispositive of Plaintiff's claims, this Report and Recommendation is entered for review by the district judge.

## II. MOTIONS FOR INJUNCTIVE RELIEF[1]

In Plaintiff's Motion for Access to Law Library, Motion for Injunctive Relief and Motion for Preliminary Injunction, Plaintiff seeks injunctive relief against Mr. Warden Wayne C. McCabe and Mr. Assistant Warden McFadden at Lieber Correctional Institution to allow Plaintiff access to the law library. Neither McCabe nor McFadden are Defendants in this action. Furthermore, the relief sought by Plaintiff in these Motions is unrelated to the relief he seeks in his Complaint, which arises out of an alleged violation of due process by Defendant during a disciplinary hearing. Generally, the goal of a preliminary injunction is to "protect the status quo and to prevent irreparable harm during the pendency of a lawsuit, ultimately to preserve the court's ability to render a meaningful judgment on the merits." In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 525 (4th Cir.2003). In contrast, mandatory preliminary injunctions compel action and, typically, do not preserve the status quo. Plaintiff is seeking a mandatory preliminary injunction by asking the court to compel non-parties to allow him access to the law library. Mandatory preliminary injunctions should be sparingly exercised and granted "only in those circumstances when the exigencies of the situation demand such relief." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir.1980). "[A] mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind." In re Microsoft Corp. Antitrust Litig., 333 F.3d at 526.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v.

---

[1] Because Plaintiff seeks an order directing that he be allowed to visit the law library, the undersigned construes his Motion for Access to Law Library (Document # 83) as a motion for injunctive relief.

Natural Resources Defense Council, Inc., 55 U.S. 7, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008) All four requirements must be met. Id. Winter requires a party seeking a preliminary injunction to "clear[ly] show[ ]" that he or she is likely to succeed on the merits. Dewhurst v. Century Aluminum Co., 649 F.3d 287, 290 (4th Cir.2011). Plaintiff has failed to make the requisite showing. Thus, Plaintiff's Motion for Access to the Law Library, Motion for Injunctive Relief and Motion for Preliminary Injunction should be denied.

### III. MOTION TO AMEND PLEADING

Plaintiff's Motion to Amend his Pleading appears to be his proposed Amended Complaint. A review of the Motion reveals that Plaintiff simply seeks to delete some of the language used in his original Complaint. The factual basis for his claim, his cause of action and the relief sought are the same in both the original Complaint and the proposed Amended Complaint.

Rule 15(a), Fed.R.Civ.P, provides that leave to amend a complaint should be "freely given when justice so requires." "The law is well-settled 'that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.' " Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir.1999) (citing Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), Johnson v. Oroweat Foods Co., 785 F.2d 503, 509-10 (4th Cir.1986)). For a motion to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 510-511; see also Rambus, Inc. v. Infineon Technologies, AG, 304 F.Supp.2d 812, 819 (E.D.Va.2004); Robinson v. GEO Licensing Co., L.L.C., 173 F.Supp.2d 419, 423 (D.Md.2001).

For the reasons discussed in more detail with respect to the Motions for Summary Judgment, allowing Plaintiff to amend his Complaint would be futile because this case is subject to dismissal

for failure to exhaust administrative remedies. The proposed Amended Complaint does not change that analysis. Therefore, it is recommended that the Motion to Amend Pleading be denied.

## IV. MOTIONS FOR SUMMARY JUDGMENT

### A. Facts

Plaintiff alleges that Defendant, a disciplinary hearing officer at McCormick Correction Institution (MCI) denied Plaintiff a chance to get witness testimony to present during a disciplinary hearing. He alleges that he was in segregation and could not contact his witness. He further alleges that he completed a Form 19-11 to have a witness at the June 14, 2010, hearing, but the request was ignored by Plaintiff. Complaint p. 3.

On June 14, 2010, plaintiff was convicted of an inmate disciplinary offense for threatening to inflict harm on correctional staff. As a result of the disciplinary conviction, he was sanctioned with the loss of ninety days of good time credit and the forfeiture of canteen, phone, and visitation privileges for 180 days. Plaintiff was also sanctioned with disciplinary detention for 180 days. Disciplinary Report and Hearing Record (attached as Ex. 1 to Defendant's Motion).

On June 22, 2010, plaintiff filed a Step One inmate grievance challenging his disciplinary conviction. After an investigation, the grievance was denied. On August 20, 2010, plaintiff filed a Step Two inmate grievance. This grievance was also investigated and denied. The response to plaintiff's Step Two grievance advised plaintiff he could appeal the decision to the South Carolina Administrative Law Court, but plaintiff did not do so. Inmate Grievance MCCI 0640-10 (attached as Exhibit 2 to Defendant's Motion).

Plaintiff requests that the court restore the ninety days of good time credits that were taken away as a result of the disciplinary hearing.

### B. Standard of Review

The moving party bears the burden of showing that summary judgment is proper. Summary

judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324. Rather, the party must present evidence supporting his or her position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A); see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## C. Discussion

Defendant argues that summary judgment is appropriate because the relief sought by Plaintiff, restoration of good time credits, is not available under 42 U.S.C. § 1983 and, even if the court construes Plaintiff's Complaint as a Petition for write of habeas corpus, summary judgment is still appropriate because Plaintiff has failed to exhaust his administrative remedies.

In Preiser v. Rodriguez, 411 U.S. 475 (1973), the United States Supreme Court addressed the issue of whether state inmates who had lost good time credits as a result of disciplinary proceedings could seek restoration of those credits pursuant to 42 U.S.C. § 1983. Id. at 476-77. The Court held that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Id. at 500. Because Plaintiff's only request for relief is the restoration of his good-time credits, Plaintiff's claim is improper under § 1983 and summary judgment is appropriate.

Furthermore, even if the court were to construe Plaintiff's Complaint as a petition for writ of habeas corpus, Defendant has presented evidence that Plaintiff failed to exhaust his administrative remedies. Plaintiff filed Step One and Step Two Grievances within MCI but failed to further appeal the disciplinary hearing ruling.

The habeas statute provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State ..." 28 U.S.C. § 2254(b)(1). Similarly, although § 2241 itself does not contain an exhaustion requirement, a prisoner must first exhaust his administrative remedies before bringing a claim under that statute. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490–91, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). See also McClung v. Shearin, No. 03–6952, 2004 WL 225093, at *1 (4th Cir.Feb.6, 2004) ( citing Carmona

v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir.2001)).

To exhaust his state remedies attacking the execution of his sentence, Petitioner must follow the procedure set out in AlShabazz v. State of South Carolina, 338 S.C. 354, 527 S.E.2d 742, 750 (S.C.2000); see also Slezak v. S.C. Dep't of Corr., 361 S.C. 327, 605 S.E.2d 506, 507 (S.C.2004). Generally, a state prisoner's sentence calculation claim will fall within the category of administrative issues that the South Carolina Supreme Court has identified as properly being raised through the prison grievance process with appeal to the South Carolina Administrative Law Court, rather than through a post-conviction relief ("PCR") application filed in circuit court. See Al–Shabazz, 338 S.C. 354, 527 S.E.2d 742. Pursuant to the South Carolina Administrative Procedures Act ("SCAPA") and the South Carolina Appellate Court Rules, an inmate who is dissatisfied with the decision of the Administrative Law Court may seek judicial review from the South Carolina Court of Appeals, and, ultimately, the South Carolina Supreme Court. S.C.Code Ann. § 1–23–610; Rule 242, SCACR. Therefore, Petitioner must exhaust his administrative remedies available through the SCDC grievance process, and then he must fully exhaust his state court remedies as provided in the SCAPA before he brings a petition for federal habeas review.

Based on the foregoing, Petitioner has not exhausted his state remedies. Plaintiff asserts in his Response to Defendant's Motion for Summary Judgment that he was told not to file an appeal with the Administrative Law Court and was scared to do so. A number of United States Courts of Appeals have held that prison officials' threats of violence can render administrative remedies unavailable. See, e.g., Turner v. Burnside, 541 F.3d 1077, 1085 (11th Cir.2008); Kaba v. Stepp, 458 F.3d 678, 686 (7th Cir.2006); Hemphill v. New York, 380 F.3d 680, 688 (2d Cir.2004). For threats or intimidation to render administrative remedies unavailable, they must typically be substantial and serious enough that they would deter a similarly situated prisoner of ordinary firmness from pursuing administrative remedies. See Turner, 541 F.3d at 1085; Kaba, 458 F.3d at 684–86; Hemphill, 380

F.3d at 688. Here, Plaintiff fails to provide sufficient evidence that exhaustion to file an appeal to the Administrative Law Court was not available. Thus, Petitioner fails to meet the exhaustion requirement for a habeas action under either § 2254 or § 2241.

## V. CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Motion for Access to Law Library (Document # 83) be denied, Plaintiff's Motion for Injunctive Relief (Document # 85) be denied, Plaintiff's Motion to Amend Pleading (Document # 96) be denied, Plaintiff's Motion for Summary Judgment (Document # 133) be denied, Plaintiff's Motion for Preliminary Injunction (Document # 135) be denied, Defendant's Motion for Summary Judgment (Document # 109) be granted, and this case be dismissed in its entirety. If the district judge accepts this recommendation, all other pending motions will be moot.

    s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 18, 2012
Florence, South Carolina

**The parties are directed to the important notice on the following page.**